Slip Op. 18-109

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SUMECHT NA, INC., d.b.a., SUMEC NORTH AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> SOLARWORLD AMERICAS, INC., <br><br> Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 17-00244 |

## OPINION AND ORDER

[Plaintiff's Motion to Strike is denied.  Plaintiff's Motion for Preliminary Injunction is denied.]

Dated:  August 30, 2018

Mark B. Lehnardt and Lindita V. Ciko Torza, Baker & Hostetler, LLP, of Washington, D.C., argued for Plaintiff Sumecht NA, Inc. d.b.a., Sumec North America.  Jake R. Frischknecht also appeared.

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for Defendant United States.  With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Reginald T. Blades, Jr., Assistant Director, and Justin R. Miller, Senior Trial Counsel.  Of counsel were David W. Campbell and Natan P.L. Tubman, Attorneys, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.  Daniel J. Calhoun, Of Counsel, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, and Mercedes C. Morno, Of Counsel, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, also appeared.

Usha Neelakantan, Wiley Rein, LLP, of Washington, D.C., argued for Defendant-Intervenor SolarWorld Americas, Inc.  With her on the brief were Timothy C. Brightbill and Laura El-

Sabaawi.  Adam M. Teslik, Cynthia C. Galvez, Maureen E. Thorson, and Tessa V. Capeloto also appeared.

Choe-Groves, Judge:  Plaintiff Sumecht NA, Inc., doing business as Sumec North America ("Plaintiff" or "Sumec"), imports crystalline silicon photovoltaic cells from the People's Republic of China ("China").  Sumec initiated this case to contest certain administrative and enforcement actions taken by the U.S. Department of Commerce ("Commerce" or "Department") relating to the Department's investigation of the subject merchandise.  Before the court are Plaintiff's Motions for Temporary Restraining Order and for Preliminary Injunction, Aug. 8, 2018, ECF No. 40 ("Pl.'s Mot. Prelim. Inj."),[1] and Plaintiff's Motion to Strike, Aug. 17, 2018, ECF No. 48 ("Pl.'s Mot. Strike").  For the following reasons, the court denies both motions.

## PROCEDURAL HISTORY

This court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(4) (2012).  Plaintiff commenced this action to contest (1) Commerce's decision in the Timken Notice[2] to set the effective date of Sumec's judicially-revised antidumping duty deposit rate retroactive to 39 days before the date of publication of the Timken Notice; (2) Commerce's decision in the Amended

---

[1] Plaintiff contends that its motion is timely pursuant to USCIT Rule 56.2(a), which requires a showing of "good cause" when a motion for statutory injunction is filed more than thirty days after service of the complaint in a case brought under 28 U.S.C. § 1581(c) (2012).  USCIT Rule 56.2(a).  Because this action arises under 28 U.S.C. § 1581(i), USCIT Rule 56.2 does not apply.

[2] "If the CIT (or this court) renders a decision which is not in harmony with Commerce's determination, then Commerce must publish notice of the decision within ten days of issuance (i.e., entry of judgment), regardless of the time for appeal or of whether an appeal is taken." Timken Co. v. United States, 893 F.2d 337, 341 (Fed. Cir. 1990) (emphasis omitted).

Cash Deposit Instructions to set the cash deposit rate at the 238.95 percent China-wide rate rather than the 13.18 percent deposit rate in effect; and (3) Commerce's decision to issue the Automatic Liquidation Instructions without correcting the effective date of the Amended Cash Deposit Instructions. Am. Compl. ¶¶ 41–46, Oct. 10, 2017, ECF No. 15.

Plaintiff filed a Motion for Rule 73.3(b) Accommodation, contending that the four documents encompassing the administrative record in this case were insufficient. See Order at 2, Apr. 13, 2018, ECF No. 36. Plaintiff argued that it would be prejudiced in litigating the case because it did not have access to documents in the underlying antidumping duty investigation that supported the China-wide rate. See id. at 4. The court denied Sumec's motion, recognizing that Plaintiff's cause of action is a pure question of law and that the Parties are bound equally to the record when making their arguments due to the standard of review in cases brought under 28 U.S.C. § 1581(i). See id. at 3–4.

Commerce published the final results of the administrative review on July 23, 2018, which lifted the administrative stay. At that point, Sumec's relevant entries became subject to liquidation. Sumec filed a Motion for Temporary Restraining Order and Preliminary Injunction with this court, seeking relief from the possible liquidation of its entries. See Pl.'s Mot. Prelim. Inj. The court issued the temporary restraining order on August 9, 2018. See Order, Aug. 9, 2018, ECF No. 43. Defendant United States ("Government") and Defendant-Intervenor SolarWorld Americas, Inc. filed responses in opposition to Plaintiff's motion. See Def.'s Opp'n Pl.'s Mot. Prelim. Injunctive Relief, Aug. 14, 2018, ECF No. 44; Def.-Intervenor's Opp'n Pl.'s Mot. Prelim. Inj., Aug. 15, 2018, ECF No. 45.

Plaintiff filed a Motion to Strike, objecting to certain claims and citations in Defendant's response.  See Pl.'s Mot. Strike.  Defendant and Defendant-Intervenor both oppose Plaintiff's motion.  See Def.'s Opp'n Pl.'s Mot. Strike, Aug. 21, 2018, ECF No. 50 ("Def.'s Opp'n Mot. Strike"); Def.-Intervenor's Opp'n Pl.'s Mot. Strike, Aug. 21, 2018, ECF No. 51.  The court held a hearing on August 28, 2018.  See Preliminary Injunction Hearing, Aug. 28, 2018, ECF No. 56.

**ANALYSIS**

**I.		Motion to Strike**

Plaintiff contests Defendant's citation to a document in a previous case, which was proffered to show that Sumec's affiliate, Sumec Hardware, submitted comments to Commerce during the remand proceedings in the underlying administrative investigation.  See Pl.'s Mot. Strike 4.  Plaintiff argues that inclusion of this information on the record would cause it severe prejudice.  See id. at 5.  Defendant counters that the reference is to public information, and that it included the citation to defend against any potential argument of unfair surprise.  See Def.'s Opp'n Mot. Strike 1–2.

A motion to strike "constitutes an extraordinary remedy, and should be granted only in cases where there has been a flagrant disregard of the rules of court." United States v. Am. Cas. Co. of Reading, Pa., 39 CIT __, __, 49 F. Supp. 3d 1346, 1347 (2015) (quoting Jimlar Corp. v. United States, 10 CIT 671, 673, 647 F. Supp. 932, 934 (1986)).  Courts will not grant a motion to strike "unless the brief demonstrates a lack of good faith, or that the court would be prejudiced or misled by the inclusion in the brief of the improper material." Id. (quoting Jimlar Corp., 10 CIT at 673, 647 F. Supp. at 934).  This court has broad discretion when deciding a motion to strike. Fla. Tomato Exch. v. United States, 38 CIT __, __, 973 F. Supp. 2d 1334, 1338 (2014).  Prior

opinions from this Court have recognized that "[t]here is no occasion for a party to move to strike portions of an opponent's brief (unless they be scandalous or defamatory) merely because he thinks they contain material that is incorrect, inappropriate, or not a part of the record." Id. (citing Acciai Speciali Terni, S.p.A. v. United States, 24 CIT 1211, 1217, 120 F. Supp. 2d 1101, 1106 (2014)).  Instead of filing a motion to strike, a party should raise those issues by stating its opposition in the brief or in a supplemental memorandum. Id. (citing Acciai Speciali Terni, 24 CIT at 1217, 120 F. Supp. 2d at 1106).

    Sumec has not made a sufficient showing to warrant granting the extraordinary remedy it seeks.  Plaintiff has not proven bad faith or prejudice by the Government.  Sumec's motion asks essentially that the court reconsider its Rule 73.3 Motion for Accommodation.  The court rejects this attempt and reiterates that this case concerns purely legal issues.  The court denies Plaintiff's Motion to Strike.

    **II.**    **Preliminary Injunction**

    Rule 65(a) of the Rules of this Court allows for the issuance of a preliminary injunction. USCIT R. 65(a).  The court considers four factors when evaluating whether to grant a temporary restraining order or preliminary injunction.  See Wind Tower Trade Coal. v. United States, 741 F.3d 89, 95 (Fed. Cir. 2014); see also Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  These factors are: (1) whether the party is likely to suffer irreparable harm in the absence of such injunction; (2) whether the party is likely to succeed on the merits of the action; (3) whether the balance of hardships favors the imposition of the injunction; and (4) whether the injunction is in the public interest.  See Wind Tower Trade Coal., 741 F.3d at 95.  No one factor is "'necessarily dispositive,' because 'the weakness of the showing regarding one factor may be

overborne by the strength of the others.'" Belgium v. United States, 452 F.3d 1289, 1292–93 (Fed. Cir. 2006) (citing FMC Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993)). The factors should be weighed according to a "sliding scale," which means that a greater showing of irreparable harm in Plaintiff's favor lessens the burden on Plaintiff to show a likelihood of success on the merits. See id. (internal citations omitted).

With regard to the first factor, Plaintiff must show that it is likely to suffer irreparable harm absent a grant of injunctive relief. Winter, 555 U.S. at 20. Irreparable harm includes "a viable threat of serious harm which cannot be undone." Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983) (internal citations omitted). An allegation of financial loss alone generally does not constitute irreparable harm if future money damages can provide adequate corrective relief. Sampson v. Murray, 415 U.S. 61, 90 (1974).

Plaintiff alleges that it will suffer irreparable harm due to financial hardship, citing only the amount of duties owed on the subject entries. See Pl.'s Mot. Prelim. Inj. 8. Sumec does not specify any concrete, individualized harm, and does not proffer further evidence in support of its allegations. Plaintiff's perceived financial harm is hypothetical and unsubstantiated. Sumec has failed to show irreparable harm to support its request for a preliminary injunction.

Sumec contends that it may suffer irreparable harm because the case law is unclear as to whether reliquidation of entries is permitted for actions brought under 28 U.S.C. § 1581(i). See id. at 7; see also Preliminary Injunction Hearing at 0:12:20–0:13:35, Aug. 28, 2018, ECF No. 56. Sumec argues that liquidation of the subject entries may deprive it of a meaningful opportunity to challenge Commerce's actions, and this possibility warrants the issuance of a preliminary injunction. See Pl.'s Mot. Prelim. Inj. 7–8. Again, Plaintiff's allegations are merely speculative,

unsupported, and fail to establish an immediate, viable threat of harm. Plaintiff's claim is not particularized enough to meet the burden of proof required for the issuance of a preliminary injunction. Because Sumec has not demonstrated that it will suffer irreparable harm absent a preliminary injunction, the court need not address the remaining three factors. See Otter Prods., LLC v. United States, 38 CIT __, __, 37 F. Supp. 3d 1306, 1316 (2014) (citing Qingdao Taifa Grp. v. United States, 581 F.3d 1375, 1378 (Fed. Cir. 2009)); see also Matsushita Elec. Indus. Co. v. United States, 823 F.2d 505, 509 (Fed. Cir. 1987).

## CONCLUSION

For the aforementioned reasons, the court concludes that (1) Plaintiff has not fulfilled the requirements for its motion to strike, and (2) Plaintiff has not sufficiently met its burden of proof for the issuance of a preliminary injunction. Accordingly, upon consideration of Plaintiff's motions, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Plaintiff's motion to strike is denied; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction is denied; and it is further

**ORDERED** that the temporary restraining order in this action is dissolved.

  /s/ Jennifer Choe-Groves  
  Jennifer Choe-Groves, Judge

Dated:   August 30, 2018  
          New York, New York