Slip Op. 19-118

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SUMECHT NA, INC., d.b.a., SUMEC NORTH AMERICA, <br><br>      Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br>      Defendant, <br><br> and <br><br> SOLARWORLD AMERICAS, INC., <br><br>      Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 17-00244 |

### OPINION

[Granting Plaintiff's motion for judgment on the agency record.]

Dated:  September 6, 2019

Mark B. Lehnardt, Baker & Hostetler, LLP, of Washington, D.C., argued for Plaintiff Sumecht NA, Inc., d.b.a., Sumec North America.  With him on the briefs were Michael S. Snarr, Lindita V. Ciko Torza, and Jake R. Frischknecht.

Justin R. Miller, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for Defendant United States.  With him on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.  Of counsel was Mercedes C. Morno, Mykhaylo A. Gryzlov, Natan P.L. Tubman, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C, and Daniel J. Calhoun, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, D.C.  Stephen C. Tosini, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., David W. Campbell, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C., also appeared.

Timothy C. Brightbill, Laura El-Sabaawi, and Usha Neelakantan, Wiley Rein, LLP, of
Washington, D.C., appeared on the briefs for Defendant-Intervenor SolarWorld Americas, Inc.
Adam M. Teslik, Cynthia C. Galvez, Maureen E. Thorson, and Tessa V. Capeloto also appeared.

Choe-Groves, Judge:  This is a case of first impression involving a challenge to the U.S.

Department of Commerce's ("Commerce") late publication of a "Timken Notice" after the

statutory deadline had passed, which applied a change in antidumping duty deposit rates

retroactively.  Plaintiff Sumecht NA, Inc., doing business as Sumec North America ("Plaintiff"

or "Sumec"), imports crystalline silicon photovoltaic cells (solar panels) from the People's

Republic of China ("China") and contests the retroactive application of the changed antidumping

duty deposit rates.

A "Timken Notice" is a notice issued by Commerce if this Court or the U.S. Court of

Appeals for the Federal Circuit renders a decision that is not in harmony with Commerce's prior

determination.  See 19 U.S.C. § 1516a(c)(1) (2012); Timken Co. v. United States, 893 F.2d 337,

341 (Fed. Cir. 1990).  Following the issuance of a contrary court decision, "Commerce must

publish notice of the decision within ten days of issuance (i.e., entry of judgment), regardless of

the time for appeal or of whether an appeal is taken."  Timken, 893 F.2d at 341 (emphasis

omitted).  Under 19 U.S.C. § 1516a(c)(1) and Timken, the effect of Commerce's publication in

the Federal Register is to put the public on notice of a contrary court decision and that liquidation

should no longer take place in accordance with Commerce's prior determination.  See Timken,

893 F.2d at 342.  By the publication of a Timken notice, the public is put on notice that entries

made after publication are to be liquidated in accordance with the final, conclusive, court

decision.  Id.; see also 19 U.S.C. § 1516a(c)(1).

In the present action, Commerce did not publish the <u>Timken</u> Notice by October 15, 2015 (the statutorily required deadline of ten days after issuance of the court's contrary decision on October 5, 2015).  Instead, Commerce published the <u>Timken</u> Notice in this case on November 23, 2015, forty-nine days after the court's contrary decision.  Commerce set a retroactive effective date for the changed antidumping duty rate to October 15, 2015, ten days after the issuance of the court's decision.  This case asks what result should be reached when Commerce missed its statutorily mandated <u>Timken</u> Notice deadline and yet issued a retroactive effective date for the new antidumping duty rate as if it had not missed the deadline.  Plaintiff alleges that U.S. Customs and Border Protection ("Customs" or "CBP") unlawfully assessed duties at the 238.95% China-wide entity rate by the retroactive application of the China-wide entity rate to merchandise that entered after the court's decision of October 5, 2015 but before the publication of the <u>Timken</u> Notice in the Federal Register on November 23, 2015.  <u>See</u> Am. Compl. ¶¶ 24–25, Oct. 10, 2017, ECF No. 15.

Before the court is Plaintiff's motion for judgment on the agency record, which presents one issue for review: whether Commerce's decision to retroactively set the effective date of the <u>Timken</u> Notice, amended cash deposit instructions, and automatic liquidation instructions was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.  For the following reasons, the court grants Plaintiff's motion.

## PROCEDURAL HISTORY

Commerce initiated an antidumping duty investigation of certain solar cells from China on November 16, 2011.  <u>See</u> <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China</u>, 76 Fed. Reg. 70,960 (Dep't Commerce

Nov. 16, 2011) (initiation of antidumping duty investigation).  During the investigation, Sumec

Hardware & Tools Co., Ltd. ("Sumec Hardware") applied for a separate rate.  See Crystalline

Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's

Republic of China, 77 Fed. Reg. 31,309 (Dep't Commerce May 25, 2012) (preliminary

determination of sales at less than fair value, postponement of the final determination and

affirmative preliminary determination of critical circumstances) ("Preliminary Determination").

Sumec Hardware is Sumec's Chinese affiliate that exports subject merchandise to Sumec.  Mot.

Sumecht NA Inc., d.b.a. Sumec North America, J. Agency R. 3, Sept. 7, 2018, ECF No. 61–1

("Pl.'s Br.").  In the Preliminary Determination, Commerce determined that Sumec Hardware

demonstrated both *de jure* and *de facto* absence of government control as to exports of the

subject merchandise, and Commerce assigned a separate antidumping duty rate of 24.48 percent.

See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the

People's Republic of China, 77 Fed. Reg. 73,018, 73,021 (Dep't Commerce Dec. 7, 2012)

(amended final determination of sales at less than fair value and antidumping duty order) ("2012

Antidumping Duty Order"); see also Crystalline Silicon Photovoltaic Cells, Whether or Not

Assembled Into Modules, From the People's Republic of China, 77 Fed. Reg. 63,791, 63,794

(Dep't Commerce Oct. 17, 2012) (final determination of sales at less than fair value and

affirmative final determination of critical circumstances, in part).  Commerce assigned a China-

wide entity rate of 249.96 percent.  2012 Antidumping Duty Order, 77 Fed. Reg. at 73,021.

United States producers of the subject merchandise challenged Sumec Hardware's

separate rate status and Commerce's final determination in the United States Court of

International Trade.  See Jiangsu Jiasheng Photovoltaic Tech. Co. v. United States, 38 CIT __,

__, 28 F. Supp. 3d 1317, 1321 & n.1 (2014) ("Jiangsu Jiasheng I").  Sumec Hardware belatedly

moved to intervene in Jiangsu Jiasheng, and the court denied Sumec Hardware's motion to

intervene as out of time.  See Jiangsu Jiasheng Photovoltaic Tech. Co. v. United States, 39 CIT

__, __, 72 F. Supp. 3d 1378, 1380 (2015) ("Jiangsu Jiasheng II").  In Jiangsu Jiasheng I, the

court remanded the final determination for a reexamination of the separate rates.  72 F. Supp. 3d

at 1351–52.  On remand, Commerce determined that three of the four respondents reviewed as

part of the remand did not show that the respondents were free from government control.  See

Jiangsu Jiasheng Photovoltaic Tech. Co. v. United States, 39 CIT __, __, 121 F. Supp. 3d. 1263,

1265 (2015) ("Jiangsu Jiasheng III").  Commerce found that Sumec Hardware was ineligible for

separate rate status and was part of the China-wide entity.  Commerce assigned Sumec Hardware

the China-wide entity rate of 249.96 percent.  See Final Results of Redetermination Pursuant to

Court Order, Jiangsu Jiasheng, Ct. No. 13-00012, 10–11, 31, Apr. 21, 2015, ECF No. 98–1.

While Commerce's remand redetermination was under review, Commerce implemented

findings by the World Trade Organization dispute settlement panels and the Appellate Body

pursuant to Section 129 of the Uruguay Round Agreements Act ("URAA").  See Implementation

of Determinations Under Section 129 of the URAA, 80 Fed. Reg. 48,812 (Dep't Commerce Aug.

14, 2015) ("URAA Implementation"); see also 19 U.S.C. § 3538 (2012).  Commerce changed

Sumec Hardware's cash deposit rate to 13.18 percent for entries made on or after August 2,

2015.  See URAA Implementation at 48,818.  Subsequently, the court sustained Commerce's

remand results in a confidential opinion and entered judgment on October 5, 2015.  See Jiangsu

Jiasheng III, 121 F. Supp. 3d at 1266; Judgment, Jiangsu Jiasheng III, Ct. No. 13-00012 (Ct.

Int'l. Trade Oct. 5, 2015), ECF No. 120.  Because Sumec Hardware was not allowed to intervene

in that action, the court did not opine on Sumec Hardware's arguments against the remand

results.  Jiangsu Jiasheng III, 121 F. Supp. 3d at 1265 n.5.

Commerce published a Timken Notice on November 23, 2015, after issuance of the

court's decision that was not in harmony with Commerce's final determination.  See Jiangsu

Jiasheng III, 121 F. Supp. 3d at 1273.  The Timken Notice date of publication was forty-nine

days after the issuance of the confidential opinion and judgment.  See Crystalline Silicon

Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of

China, 80 Fed. Reg. 72,950 (Dep't Commerce Nov. 23, 2015).  Commerce stated in its Timken

Notice that Commerce would continue the suspension of liquidation of the subject merchandise

pending the expiration of appeal, or if appealed, pending a final and conclusive court decision.

Id.  The time to appeal expired on December 4, 2015.  See 28 U.S.C. § 2645(c); Fed. R. App. P.

4(a)(1)(B).  No appeal was filed.  The public version of the Jiangsu Jiasheng III opinion was

published on December 22, 2015.  See Jiangsu Jiasheng III, 121 F. Supp. 3d at 1263.

Commerce's Timken Notice stated that because a final court decision had been issued in

Jiangsu Jiasheng III, Commerce was amending its Final Determination.  See Crystalline Silicon

Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of

China, 80 Fed. Reg. 72,950 (Dep't Commerce Nov. 23, 2015).  As part of Commerce's

Amended Final Determination, Commerce concluded that Sumec Hardware did not meet the

criteria for a separate rate and that Sumec Hardware was considered part of the China-wide

entity.  Id.  The cash deposit rate applicable to companies under the China-wide entity rate was

238.95 percent.  Id.  Commerce set the effective date of the new cash deposit rate of 238.95

percent retroactively to October 15, 2015, which was ten days after issuance of the confidential

opinion and judgment.  Id. at 72,950 n.5.  The Government provided no reason for Commerce's

delayed publication of the Timken Notice in either the Government's written pleadings or at oral

argument.

Commerce issued amended cash deposit instructions to CBP on December 30, 2015,

instructing CBP to require cash deposits at the China-wide entity rate of 238.95 percent on

subject merchandise entered on or after October 15, 2015 from three entities, including Sumec

Hardware.  See Commerce Message to CBP, Notice of Court Decision Not in Harmony,

Message No. 5364307, PD 3, bar code 3450879-01 (Dec. 30, 2015) ("Amended Cash Deposit

Instructions").  Commerce issued automatic liquidation instructions to CBP on March 14, 2016.

See Commerce Message to CBP, Automatic Liquidation Instructions, Message No. 6074302,

PD4, bar code 3450885-01 (Mar. 14, 2016) ("Liquidation Instructions").

Between the issuance of the confidential opinion in Jiangsu Jiasheng III on October 5,

2015 and the publication date of Commerce's Timken Notice on November 23, 2015, Plaintiff

imported several shipments of solar panels.  See Am. Compl. ¶ 18; Am. Compl. Attach. 2, Oct.

10, 2019, ECF No. 14.  Plaintiff paid cash deposits at the 13.18 percent rate identified in the

URAA Implementation.  Am. Compl. ¶ 19.  Commerce instructed CBP to liquidate Plaintiff's

entries from December 1, 2014 through November 30, 2015.  Am. Compl. ¶ 21; see Liquidation

Instructions 2.  Customs reviewed thirteen entries made between November 9, 2015 and

November 23, 2015, and notified Plaintiff that the thirteen entries would be subject to the China-

wide entity rate of 238.95 percent.  See CBP Notices & Sumec NA Responses 71, Am. Compl.

Attach. 4, Oct. 10, 2019, ECF No. 14 ("CBP Notices & Sumec NA Responses").

Plaintiff commenced this action on September 29, 2017.  See Summons, Sept. 29, 2017,

ECF No. 1; Compl., Sept. 29, 2017, ECF No. 2.  Commerce published the results from the

counterpart countervailing duty investigation on July 23, 2018, which lifted the administrative

stay and subjected Plaintiff's entries to liquidation.  See Sumecht NA, Inc. v. United States, 42

CIT __, __, 331 F. Supp. 3d 1408, 1410 (2019), aff'd, 923 F.3d 1340, 1342 (Fed. Cir. 2019); see

also Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the

People's Republic of China, 83 Fed. Reg. 34,828 (Dep't Commerce, July 23, 2018) (final results

of countervailing duty administrative review).  Plaintiff moved for a Temporary Restraining

Order ("TRO") and Preliminary Injunction on August 8, 2018.  Sumecht NA Inc., d.b.a. Sumec

North America Mot. for Temporary Restraining Order and for Prelim. Inj., Aug. 8, 2018, ECF

No. 40.  The court granted a TRO enjoining the United States, Customs, and Commerce from

liquidating entries subject to the 2012 Antidumping Duty Order that were entered or withdrawn

from warehouse for consumption from October 15, 2015 through November 23, 2015.  See

Order, Aug. 9, 2018, ECF No. 43.  The court extended the TRO on August 23, 2018.  Order,

Aug. 23, 2018, ECF No. 52.  The court concluded subsequently that Plaintiff did not meet its

burden to establish irreparable harm and did not meet the standard for obtaining a preliminary

injunction.  See Sumecht, 42 CIT __, __, 331 F. Supp. 3d at 1411–12.  The court denied

Plaintiff's motion for a preliminary injunction and dissolved the TRO on August 30, 2018.  Id. at

1411–13.

While Plaintiff's motion for a preliminary injunction was pending, Sumec Hardware

brought an action challenging the counterpart countervailing duty administrative review.  See

Summons, Sumec Hardware & Tools Co. v. United States, No. 18-00186, Aug. 22, 2018, ECF

No. 1; Compl., <u>Sumec Hardware & Tools Co. v. United States,</u> No. 18-00186, Aug. 30, 2018,

ECF No. 6.  In the countervailing duty litigation, Sumec Hardware obtained a statutory

injunction pursuant to 19 U.S.C. § 1516a(c)(2) against the liquidation of the same entries which

are at issue in the present case.  <u>See</u> Order for Statutory Injunction upon Consent, <u>Sumec</u>

<u>Hardware & Tools Co., Ltd. v. United States</u>, No. 18-00186, Aug. 31, 2018, ECF No. 8.

Plaintiffs appealed the court's denial of a preliminary injunction in this action.  Notice of

Interlocutory Appeal, Sept. 29, 2018, ECF No. 66.  The U.S. Court of Appeals for the Federal

Circuit affirmed, holding that Sumec Hardware did not demonstrate it would be irreparably

harmed absent immediate relief in the form of a preliminary injunction and noting that the

statutory injunction in the corresponding countervailing duty case barred liquidation of the

entries in this case.  <u>Sumecht NA</u>, 923 F.3d at 1346.  The mandate issued on July 1, 2019.

Mandate, July 1, 2019, ECF No. 81.

Plaintiff filed the present motion for judgment on the agency record contesting

Commerce's decision to set the effective date of Sumec's antidumping duty rate to thirty-nine

days before the date of publication of the <u>Timken</u> Notice and contesting the amended cash

deposit and automatic liquidation instructions.  <u>See</u> Mot. Sumecht NA Inc., d.b.a. Sumec North

America, J. Agency R., Sept. 7, 2018, ECF No. 61; <u>see also</u> Pl.'s Br. 2–10, 29–30.  Defendant

responded.  <u>See</u> Def.'s Resp. Pl.'s Rule 56.1 Mot. J. Agency R., Nov. 7, 2018, ECF No. 70

("Def.'s Resp.").  Defendant-Intervenor SolarWorld Americas, Inc. adopted Defendant's

position.  <u>See</u> Def.-Intervenor's Resp. Pl.'s Mot. J. Agency R., Nov. 7, 2018, ECF No. 71.

Plaintiff replied.  <u>See</u> Reply Br. Sumecht NA Inc., Supp. Mot. J. Agency R., Dec. 7, 2018, ECF

No. 72 ("Pl.'s Reply").  The court held oral argument on March 20, 2019.  See Oral Argument,

Mar. 20, 2019, ECF No 78.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(4) (2012).  The court looks to

28 U.S.C. § 2640(e) when evaluating claims brought under this section, which directs the court

to apply the standard of review set forth in the Administrative Procedure Act.  See 5 U.S.C.

§ 706.  The court will uphold an agency's action unless it is "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

## ANALYSIS

### I.        Publication of Notice

Under 19 U.S.C. § 1516a(c), Commerce must publish a notice of a decision by the United

States Court of International Trade or United States Court of Appeals for the Federal Circuit that

is not in harmony with Commerce's previous determination.  19 U.S.C. § 1516a(c)(1).  The

statute directs that "such notice of a decision shall be published within ten days from the date of

the issuance of the court decision."  Id.; see also Timken, 893 F.2d at 341 ("If the CIT (or this

court) renders a decision which is not in harmony with Commerce's determination, then

Commerce must publish notice of the decision within ten days of issuance (i.e., entry of

judgment), regardless of the time for appeal or of whether an appeal is taken." (emphasis

omitted)).[1]  The plain language of 19 U.S.C. § 1516a imposes a statutory obligation on

---

[1] Defendant also cites 19 U.S.C. § 1516a(e).  Under 19 U.S.C. § 1516a(e), Commerce must still publish notice within ten days.  See 19 U.S.C. § 1516a(e) ("Such notice of the court decision shall be published within ten days from the date of the issuance of the court decision.").

Commerce to publish notice within ten days of a triggering court decision.  See 19 U.S.C.

§ 1516a(c)(1); see also Diamond Sawblades Mfrs. Coal. v. United States, 626 F.3d 1374, 1381

(Fed. Cir. 2010).  Commerce published the Timken Notice on November 23, 2015, which was

forty-nine days after the court rendered its decision in Jiangsu Jiasheng.  Jiangsu Jiasheng III,

121 F. Supp. 3d at 1273; Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into

Modules, From the People's Republic of China, 80 Fed. Reg. 72,950 (Dep't Commerce Nov. 23,

2015).  There is no dispute that Commerce failed to publish the Timken Notice within the

statutorily-mandated, ten-day timeframe.  See Def.'s Resp. 8.

Defendant argues that even though Commerce's publication of the Timken Notice was

untimely, the relevant date for the purposes of 19 U.S.C. § 1516a(c)(1) is the date that

Commerce sets as the "effective" date and not the date of publication.  See Def.'s Resp. 10–11.

Defendant merely supports its argument by citing several prior instances in which Commerce

published a Timken Notice more than ten days after the issuance of a court decision triggering 19

U.S.C. § 1516a(c)(1) and set the effective date retroactively.[2]  See Def.'s Identification of

Authorities 2–4.

Defendant's argument is unavailing.  The court gives effect to the plain meaning of

statute as written.  See Star Athletica, L.L.C. v. Varsity Brands, Inc., __ U.S. __, __, 137 S. Ct.

---

[2] Apparently none of these prior instances of Commerce issuing a late Timken Notice were challenged in court before the present litigation.  The court notes that most of the instances cited by Defendant involved the application of a lower duty rate to the importer.  See Def.'s Identification of Proceedings & Authorities in Resp. to Court's Questions 2–4, Mar. 19, 2019, ECF No. 77 ("Def.'s Identification of Authorities").  In those instances, it would be difficult to show substantial prejudice to importers due to Commerce's late issuance of the Timken Notice and retroactive application because those importers would benefit from the retroactive application of a lower duty rate, contrary to the situation in the case before this court.

1002, 1010 (2017) (citing <u>Estate of Cowart v. Nicklos Drilling Co.</u>, 505 U.S. 469, 476 (1992)).

The statute explicitly requires Commerce to publish notice within ten days of the contrary

judgment issuance date and makes no allowance for an effective date in lieu of publication in the

Federal Register.  Here, Commerce's untimely notice was not in accordance with Commerce's

statutory obligation under 19 U.S.C. § 1516a(c) to issue notice within ten days of a court

decision not in harmony with its prior determination.  <u>See</u> 19 U.S.C. § 1516a(c)(1).  The court

concludes in this circumstance that Commerce's failure to publish notice within ten days of a

triggering court decision pursuant to 19 U.S.C. § 1516a(c)(1) was not in accordance with law.

<u>See</u> 5 U.S.C. § 706(2)(A).

## II.    Applicable Rate

Sumec contests Commerce's retroactive application of the China-wide entity rate to

entries made before the issuance of the <u>Timken</u> Notice.  Pl.'s Br. 11.  Defendant argues that

because the statute is silent as to how Commerce should act when it does not meet the ten-day

statutory timeframe, Commerce's action, taken pursuant to Commerce's interpretation of the

statute, should be afforded deference.  <u>See</u> Def.'s Resp. 8–9, 11–16.

Defendant is incorrect.  Liquidation of entries following a decision by the United States

Court of International Trade or the United States Court of Appeals for the Federal Circuit is

explicitly directed by statute.  19 U.S.C. § 1516a(c)(1); <u>see also</u> <u>Capella Sales & Servs. Ltd. v.</u>

<u>United States</u>, 878 F.3d 1329, 1333 (Fed. Cir. 2018).  Under the statute, subject entries are

liquidated in accordance with a prior administrative determination:

> if they [the entries] are entered, or withdrawn from warehouse, for consumption on
> or before the date of publication in the Federal Register by the Secretary or the
> administering authority of a notice of a decision of the United States Court of

> International Trade, or of the United States Court of Appeals for the Federal Circuit,
> not in harmony with that determination.

19 U.S.C. § 1516a(c)(1); see also Timken, 893 F.2d at 341.  Under 19 U.S.C. § 1516a(c)(1),

subject merchandise is liquidated in accordance with Commerce's determination until "the date

of publication in the Federal Register" of notice of a court decision not in accordance with the

underlying determination.  See 19 U.S.C. § 1516a(c)(1).  Commerce's publication, pursuant to

19 U.S.C. § 1516a(c)(1), identifies when liquidation should no longer take place in accordance

with Commerce's prior determination.  See id.; see also Timken, 893 F.2d at 341.  The purpose

of publishing the Timken Notice in the Federal Register is to put the public on notice of a

decision from the court that is contrary to a prior determination by Commerce.  The public was

put on notice in this case on the publication date of the Timken Notice.

Plaintiff entered subject merchandise between November 9, 2015, and November 23,

2015.  See CBP Notices & Sumec NA Responses 68–71.  Commerce's Timken Notice was

published on November 23, 2015.  Crystalline Silicon Photovoltaic Cells, Whether or Not

Assembled Into Modules, From the People's Republic of China, 80 Fed. Reg. 72,950 (Dep't

Commerce Nov. 23, 2015).  The court concludes that Plaintiff's entries that were entered, or

withdrawn from warehouse, for consumption on or before the date of Commerce's Timken

Notice publication in the Federal Register on November 23, 2015 were entitled to a rate in

accordance with Commerce's prior determination.  See 28 U.S.C. § 2643; 19 U.S.C.

§ 1516a(c)(1); see also URAA Implementation, 80 Fed. Reg. at 48,818.  The court directs

Commerce to reliquidate the entries at issue.

### III.    Harmless Error

Defendant argues that even if Commerce erred by imposing a retroactive effective date in its Timken Notice, the delay in publication constitutes a procedural defect and amounts to harmless error.  See Def.'s Resp. 21–24.  Plaintiff counters that Defendant's retroactive application of the China-wide entity rate prior to the publication of the Timken Notice caused Plaintiff prejudice.  See Pl.'s Reply 17–19.

Administrative action should be set aside only for substantial procedural or substantive reasons.  Intercargo Ins. Co. v. United States, 83 F.3d 391, 394 (Fed. Cir. 1996) (citing Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc., 435 U.S. 519, 558 (1978)).  Courts will not set aside agency action for procedural errors unless the errors were prejudicial to the party seeking to have the action declared invalid.  Sea–Land Serv., Inc. v. United States, 14 CIT 253, 257, 735 F. Supp. 1059, 1063 (1990) (internal quotations omitted), aff'd, 923 F.2d 838 (Fed. Cir. 1991).  Prejudice is an injury to an interest that the statute, regulation, or rule in question was designed to protect.  Intercargo, 83 F.3d at 396; see also Dixon Ticonderoga Co. v. United States, 468 F.3d 1353, 1356 (Fed. Cir. 2006).

Commerce's Timken Notice raised Plaintiff's duty rate to 238.95 percent, effective thirty-nine days before the Timken Notice was published in the Federal Register.  Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China, 80 Fed. Reg. 72,950 (Dep't Commerce Nov. 23, 2015).  Due to Commerce's untimely publication of the Timken Notice, Plaintiff's entries made in that thirty-nine day period were subject to liquidation at the significantly higher rate of 238.95 percent rather than the 13.18 percent rate that Plaintiff paid in accordance with the URAA Implementation.  See URAA

Implementation, 80 Fed. Reg. at 48,818; Crystalline Silicon Photovoltaic Cells, Whether or Not

Assembled Into Modules, From the People's Republic of China, 80 Fed. Reg. 72,950 (Dep't

Commerce Nov. 23, 2015); Am. Compl. ¶ 19.

      Retroactive application of the duty rate in this case would cause a higher rate to apply to

Plaintiff before being put on notice by the issuance of the Timken Notice.  Moreover, retroactive

application of the changed duty rate would affect Plaintiff's ability to make appropriate business

decisions and take actions with the benefit of information required by a statutorily-mandated

notice.  See 19 U.S.C. § 1516a(c)(1); see also Pl.'s Br. 21.  The court concludes that Defendant's

actions prejudiced the Plaintiff and amounted to more than harmless error.

## CONCLUSION

      For the aforementioned reasons, the court concludes that Commerce erred in setting the

effective date of the Timken Notice, amended cash deposit instructions, and automatic

liquidation instructions retroactively to thirty-nine days before the publication date, and that

Commerce's actions prejudiced Plaintiff.  The court grants Plaintiff's motion for judgment on the

agency record and directs Commerce to reliquidate Plaintiff's entries in a manner consistent with

this opinion.

      Judgment will be entered accordingly.

                               /s/ Jennifer Choe-Groves
                           Jennifer Choe-Groves, Judge

Dated:   September 6, 2019
       New York, New York